ALFRED J. HOLLAND ET AL., TRADING, ETC., RESPOND-
ENTS, v. JONES-HOWE COMPANY, APPELLANT.

Submitted March 26, 1923—Decided June 18, 1923.

1. Plaintiffs agreed to purchase from defendants, and paid in ad-
vance as a condition of receiving the bills of lading for certain
carloads of potatoes of a specified kind and quality, consigned to
order of defendants at Pitcairn, Pennsylvania, "for diversion;
allow inspection." Upon inspection at Pitcairn the potatoes were
rejected by plaintiff as not conforming to contract. *Held*, on
these facts and others appearing in the case, that the question
whether title to the potatoes had passed to plaintiffs, and they
were thereby put to an action for damages for breach of war-
ranty, was at least a question for the jury.

2. Where goods are sold by description for the purpose of resale,
and do not answer the description, the vendee may recover *inter
alia* the anticipated profits on a contract for resale entered into
on the faith of receiving what he had bargained for from the
vendor, when those profits may reasonably be supposed to have
been in contemplation of both parties at the time they made the
contract, as the probable result of its breach. *Lissberger* v. *Kel-
logg*, 78 *N. J. L.* 85, followed.

On appeal from the Supreme Court.

For the appellant, *John J. Quinn* and *Aaron V. Dawes*.

For the respondents, *Harold McDermott*.

The opinion of the court was delivered by ,

PARKER, J. The suit was begun by attachment. Plaintiffs'
theory of the case was that they had contracted with de-
fendants for the purchase of certain carloads of potatoes
under a warranty of kind and quality, to be delivered after
inspection, at Pitcairn, Pennsylvania, and had paid for them
in advance; that they had contracted to resell them at a
profit; but that upon such inspection the potatoes proved
some of them not of the kind, and the rest not of the quality
contracted for, so that plaintiffs refused to accept them and
sued to recover back what they had paid, together with the

profit, of which they had been deprived. The defense, in substance, was that title to the potatoes had passed when they were placed on the cars at the shipping point, and consequently the claim should have been merely for damages for breach of warranty, i. e., the difference between the contract price and the market value. Substantially all the specified causes for reversal are based on this latter theory, and the whole argument of appellants is predicated thereon, so that it is unnecessary to deal with the causes for reversal in detail. The question whether plaintiffs' claim of damages because of lost profits is proper for inclusion in an action of attachment, does not seem to be raised.

The trial court properly left it to the jury on the evidence, to decide just what the contract was, so far as related to delivery, passing of title, &c. The agreement of sale and purchase was made through a firm of brokers, whose "confirmation," which plaintiffs claimed did not embody the whole contract, called for a price of "$4.50 f. o. b. shipping point. for the account of the Jones-Howe Company, Hightstown, N. J. Same to be shipped P. R. R. Pitcairn, Pa., for diversion." The jury were plainly entitled to find that this was not all of the contract, for the bills of lading consigned the goods "to the order of Jones-Howe Company, notify Holland & Pope, Pitcairn, Pa. Rush; perishable; allow inspection." It was also in evidence, and as we think properly, that this inspection was to be by a United States inspector. Defendants, the sellers, refused to let plaintiffs have the order bills of lading until the full price of the consignments was paid in cash, and plaintiffs, protesting that this was most unusual, complied. As a result, they had advanced about $3,600 on bills of lading calling for potatoes which they had never seen, loaded f. o. b. at different places of which they were ignorant, and which potatoes could not be seen until arrival at Pitcairn, "for diversion." Appellants claim that this, as a court question, invested plaintiffs with title to the potatoes; but with this we cannot agree. They were required, and consented, to pay in advance on the undertaking that the potatoes were of a certain quality; but that can be viewed as a circum-

stance consistent either with taking title, or with the theory of a mere advance to be returned in case of non-acceptance. The added circumstance of inspection may well negative any inference arising either from advance payment, or the f. o. b. shipment. As to this latter, it could not be said as a court question to work the passing of title *ipso facto* at the place and time when shipment was made. The practical meaning is that freight from place of shipment is at the expense of consignee; or to put it in another way, it is ordinarily a mere trade method of fixing price.

So we conclude that the trial court was right in leaving it to the jury to decide whether title was to pass only after inspection and acceptance at Pitcairn, and if the jury so found, and if there was no acceptance there (and plainly there was none), plaintiffs were entitled to claim their money back at once on giving notice of rejection and taking the proper steps (which they did) to return the bills of lading to defendants.

The claim is made that the plaintiffs had "resold" the potatoes and it is argued from this that they must have acquired title. They had merely contracted to sell and deliver certain specified potatoes on the expectation of using the shipment to fulfill the contract.

The question whether the loss of anticipated profits can be recovered under the circumstances is one to be determined by ascertaining whether such resale at a profit may reasonably be supposed to have been within the contemplation of the parties. The law on this point is satisfactorily laid down in the case of *Lissberger* v. *Kellogg,* in the Supreme Court, 78 N. J. L. 85, and supports the recovery in this case.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.  13.

*For reversal*—None.